UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSANDRA S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-1367 RSM <br><br> **ORDER AFFIRMING AND DISMISSING THE CASE** |

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the ALJ erred by rejecting her symptom testimony and the medical opinions of Dr. Widlan and Ms. Donahue, ARNP. Dkt. 8.[1]  As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 33 years old, has at least a high school education, and has worked as a baker helper and cook helper. Admin. Record 26–27. In May 2020, Plaintiff applied for benefits, alleging disability as of May 26, 2020. AR 68, 77. Plaintiff's application was denied initially and on reconsideration. AR 74, 86. After the ALJ conducted a hearing in August 2022 (AR 35–

---

[1] Plaintiff's Opening Brief does not entirely comply with the briefing requirements provided in the Court's Scheduling Order, as Plaintiff did not list her second assignment of error on the first page of the brief. *See* Dkts. 7 at 2; 8 at 1. In the future, counsel shall take care to review and comply with the Court's briefing requirements.

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

67), the ALJ issued a decision finding Plaintiff not disabled.  AR 14–34.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Plaintiff's Symptom Testimony

Plaintiff testified she is not able to work because she has difficulties dealing with stress, is easily overwhelmed by others, and is unable to pay attention.  AR 47, 54–56.  She explained she spends much of her day playing video games to distract herself from her anxiety and depression, but even when playing video games, she can only focus half the time.  AR 51–52.  Plaintiff also testified that due to emotional dysregulation, she spends half of her day crying.  AR 53.  She stated she has paranoia and does not trust herself to be around dangerous items because she might harm herself.  AR 59–60.  When asked if she can imagine working in isolation from other employees and the public, Plaintiff answered she does not think she would be able to do it because she could not go to the jobsite every day and would feel overwhelmed.  AR 58–59.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by

substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

     The ALJ first rejected Plaintiff's testimony because the record indicates treatment has helped with controlling her symptoms. AR 23. Evidence that medical treatment helped a claimant "return to a level of function close to the level of function they had before they developed symptoms or signs of their mental disorders . . . can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quotation omitted). The ALJ's assessment is not entirely supported by the record. Plaintiff's counseling notes show that on the month of her alleged onset date, Plaintiff reported feeling sad and anxious, though her medications had been helpful, even with some side effects. AR 548. By September 2021, Plaintiff reported remaining anxious with only "some improvement" in focusing even after increasing her medication dosage. AR 900. However, Plaintiff's 2022 treatment notes show her mood as "good" and her anxiety as "not super overwhelming," though she was still struggling with her hygiene and not leaving the house. AR 862. Plaintiff's counselor also consistently described her "improved" or "significantly improved." AR 939, 944, 949, 961, 967, 973, 979, 986, 991, 1017, 1022, 1031, 1036. They also show Plaintiff was able to successfully meet with family members and go on family trips. AR 949, 997. Plaintiff reported feeling proud of herself and discussing "graduating plan and first public adventure" and reaching out to family. AR 1021–22, 1036. The record overall supports the ALJ's finding that Plaintiff's depression and anxiety and inability to interact with others may not be as severe as alleged, given her counselor's consistent notations of improvement and Plaintiff's own reports of spending time with family. However, the ALJ did not address whether treatment improved Plaintiff's lack of

focus and attention and paranoia, therefore the rejection of Plaintiff's testimony based on her treatment was only partially supported by substantial evidence.

The ALJ next rejected Plaintiff's testimony based on her mental status examination reports. AR 23. When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt,* 53 F.4th at 498. Here, the ALJ acknowledged Plaintiff's mood was often anxious, but noted her other mental status findings remained normal. AR 23. For example, Plaintiff often had normal thought process, no delusions, appropriate affect, grossly intact memory, good insight, and good judgment. AR 549, 583, 595–96, 612–13, 615, 621, 627, 635, 637, 639, 718, 723, 726, 735–36, 746, 862, 877–78, 886, 892, 900–01. The evidence cited by the ALJ also shows Plaintiff often had attentive concentration. AR 583, 595–96, 612–13, 718, 723, 726, 736, 901. There were a few occasions where she was found distracted, but most of the instances coincided with other stressors. *See* AR 877–78 ("Have been having some COVID related anxiety"), 886 ("Anxiety is elevated due to medical problems and upcoming family move."), 1490 (same), 1526 ("Have been having some COVID related anxiety"). Plaintiff argues the majority of her mental status examination support her statements. Dkt. 8 at 6. However, several of the records Plaintiff cite to are from before her alleged onset date. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."). The other records Plaintiff cite also do not meaningfully support her statements, because they show, as the ALJ noted above, normal findings. Moreover, as discussed above, later treatment notes show Plaintiff's symptoms improved. "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the

ORDER AFFIRMING AND DISMISSING
THE CASE - 4

record." *Molina*, 674 F.3d at 1111. Here, the ALJ's assessment that Plaintiff's symptoms are not as severe as alleged based on consistently normal mental status findings is supported by the record. The Court, therefore, finds the ALJ did not err in rejecting Plaintiff's testimony based on objective medical evidence.

The ALJ also rejected Plaintiff's testimony based on her activities. AR 24. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina*, 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Here, the ALJ found Plaintiff's ability to play video games and write show Plaintiff is able to focus, pay attention, and persist. AR 24. The record does show Plaintiff interacted with other players on a few occasions, but it does not necessarily show her concentration and ability to persist is greater than she alleged. *See* AR 589–90, 595, 635. Therefore, in rejecting Plaintiff's testimony based on her activity level, the ALJ erred. However, because the ALJ provided valid reasons, supported by substantial evidence, to reject the entirety of Plaintiff's testimony, this error is rendered harmless. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 2. Medical Opinion Evidence

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 416.920c(c). The ALJ is specifically required to consider the two most important factors, supportability and consistency. 20 C.F.R. § 416.920c(a). The supportability factor

ORDER AFFIRMING AND DISMISSING
THE CASE - 5

requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion.  20 C.F.R. § 416.920c(c)(1).  The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence.  20 C.F.R. § 416.920c(c)(2).  Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

      Dr. Widlan opined Plaintiff has marked or extreme limitations in understanding, remembering, or applying information; interacting with others; and concentrating, persisting or maintaining pace.  AR 917, 920–22.  He opined Plaintiff's impairments would substantially interfere with her ability to work at least 20 percent of the time and Plaintiff would miss 15 days of work per month.  AR 922.  Ms. Donahue, ARNP, similarly opined Plaintiff has moderate to marked limitations in understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace.  AR 910–12.  Similar to Dr. Widlan, she opined Plaintiff's impairments would substantially interfere with her ability to work at least 20 percent of the time and Plaintiff would miss eight to 12 days of work per month.  AR 912.

      The ALJ rejected both opinions because of their inconsistency with Plaintiff's treatment notes showing improvement and "generally normal mental status observations."  AR 25.  As discussed previously, Plaintiff's counseling notes show she made significant improvement and was able to seek out and interact with others.  AR 939, 944, 949, 961, 967, 973, 979, 986, 991, 997, 1017, 1022, 1031, 1036.  As also discussed, objective medical evidence show she often had normal thought process, no delusions, appropriate affect, grossly intact memory, good insight, and good judgment, and attentive concentration.  AR 549, 583, 595–96, 612–13, 615, 621, 627,

635, 637, 639, 718, 723, 726, 735–36, 746, 862, 877, 886, 892, 900–01.  Such results undermine Dr. Widlan's and Ms. Donahue's marked or extreme proposed limitations.  Therefore, the ALJ reasonably found their opinions inconsistent with Plaintiff's overall record.  The ALJ also found their opinions inconsistent with Plaintiff's testimony, which the Court found the ALJ reasonably rejected based on the same evidence.  In sum, the ALJ's inconsistency finding is supported by substantial evidence.  Accordingly, in rejecting Dr. Widlan's and Ms. Donahue's opinions, the ALJ did not err.  *Woods*, 32 F. 4th at 793 (affirming the ALJ's rejection of medical opinion based on an inconsistency finding alone).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 15th day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE